UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

January 11, 2023

LETTER TO COUNSEL

RE: *Rafael T. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02609

Dear Counsel:

On October 11, 2021, Plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance benefits under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-Motions for Summary Judgment, and I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, for the reasons discussed below, I will deny Plaintiff's Motion for Summary Judgment and grant the SSA's Motion for Summary Judgment.

I. **The History of this Case**

Plaintiff filed his claim for financial assistance on December 8, 2018, alleging a disability onset date of June 15, 2017. ECF No. 11-3 at 14. The Social Security Administration denied Plaintiff's claim initially and upon reconsideration. *Id*. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held telephonically on March 16, 2021. *Id*. During that hearing, Plaintiff revised his disability onset date to December 4, 2018. *Id.* at 21, 39. After that hearing, the ALJ determined Plaintiff did not have a disability as defined by the Social Security Act during the relevant time frame. *Id*. at 15. Since the Appeals Council denied Plaintiff's request for review, *id.* at 3, the ALJ's decision reflects the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "disorders of the left knee, right shoulder and cervical spine disorder[,] and obesity[.]" ECF No. 11-3 at 17. Despite these impairments, the ALJ determined that Plaintiff retained the RFC to

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant has to avoid overhead work activity with the right (dominant) upper extremity. The claimant has to avoid pushing and pulling with the right upper extremity and is limited to occasional pushing/pulling with the lower extremities. The claimant can walk no longer than one block at a time. The claimant can sit or stand for 30-60 minutes at a time before changing

Case 8:21-cv-02609-AAQ   Document 17   Filed 01/12/23   Page 2 of 4

*Rafael T. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02609
January 11, 2023
Page 2

> position for a few minutes. The claimant has to avoid crawling and climbing ladders, ropes, and scaffolds, but he can frequently balance, and he can perform other postural movements on an occasional basis. The claimant has to avoid fast-paced tasks, such as assembly line jobs involving production quotas. The claimant is limited to frequent fingering, grasping, handling, and reaching. The claimant has to avoid working around hazards, such as moving, dangerous machinery and unprotected heights.

*Id.* at 20. In imposing the specific limitation on standing and walking, the ALJ considered: 1) Plaintiff's testimony that he could "stand/walk for a couple of minutes up to about an hour," that "he experiences weakness in his legs after a couple minutes," and that he feels dizzy while showering such that he has to sit, *id.* at 21; 2) his previous knee surgery, *id.*; 3) Dr. Gerald Lee's findings that Plaintiff showed no evidence of muscle wasting, had positive straight leg raise testing and intact motor strength, had gait that was slow but within normal range, and did not require an assistive device to walk, *id.* at 22; 4) medical records showing that Plaintiff had normal gait, had intact deep tendon reflexes, had either 5/5 or 4/5 strength in his lower extremities, and showed no evidence of active synovitis or inflammatory arthritis, *id.* at 23-24. Regarding Dr. Lee's analysis in particular, the ALJ noted that, although he had some concern with Dr. Lee's use of the terms "prolonged" and "would experience difficulties," he found the "limitations Dr. Lee provided [to be] generally consistent with the evidence," and thus he "accounted for these limitations in the RFC." *Id.* at 26.

Based on the RFC, the ALJ determined that Plaintiff was unable to perform past relevant work as a construction equipment mechanic or a truck mechanic. *Id.* at 26. However, the ALJ determined that Plaintiff did not have a disability because he could perform other jobs that existed in significant numbers in the national economy, even with the additional limitations on standing and walking that the ALJ found Plaintiff had. See *id.* at 27-28 (noting that Plaintiff could perform work as a mail sorter, merchandise marker, or photocopy machine operator). The ALJ made this determination based, in part, on the testimony of the vocational expert ("VE"). *Id.* at 27. As a result, the ALJ denied Plaintiff's claim for disability benefits. *Id.* at 28.

## II.   Plaintiff's Argument on Appeal

On appeal, Plaintiff argues that the ALJ erroneously failed to order a consultative examination after finding the opinion of Dr. Lee only "partially persuasive." ECF No. 14-1, at 9. As a result, Plaintiff argues the ALJ improperly made a medical determination which allegedly was not in his province to make. *Id.* at 10-11.

An ALJ "need not parrot a single medical opinion, or even assign 'great weight' to any opinions, in determining an RFC assessment." *Jackson v. Comm'r, Soc. Sec. Admin.*, No. CCB-13-2086, 2014 WL 1669105, at *2 (D. Md. Apr. 24, 2014) (report and recommendation adopted on May 14, 2014); *Brooks v. Comm'r, Soc. Sec. Admin.*, No. SAG–10–2178, 2013 WL 150008, at

Case 8:21-cv-02609-AAQ   Document 17   Filed 01/12/23   Page 3 of 4

*Rafael T. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02609
January 11, 2023
Page 3

\*1 (D. Md. Jan. 10, 2013) (same); *see also Kozel v. Astrue*, No. JKS–10–2180, 2012 WL 2951554, at \*5 (D. Md. Jul. 18, 2012) ("When evaluating medical opinion evidence, the ALJ need not accept or reject an opinion in full. Rather, the ALJ should give weight to the medical opinion to the extent that it is supported by the evidence of record."). "[T]he ALJ is not required to have a physician's opinion to render a RFC decision because the final authority to render a RFC and assess disability lies with the ALJ." *Beach v. Comm'r, Soc. Sec. Admin.*, No. BPG-17-3130, 2018 WL 6344201, at \*3 (D. Md. Aug. 29, 2018); *see also Felton-Miller v. Astrue*, 459 F. App'x. 226, 230-31 (4th Cir. 2011) ("Turning to Felton–Miller's argument that the ALJ's RFC finding is not supported by substantial evidence because the ALJ is a layman and did not obtain an expert medical opinion, we conclude this argument is without merit.").

Nonetheless, the failure to request a consultative examination (CE) may still be reversible error if the evidentiary record before an ALJ is inadequate. *Laird v. Astrue*, No. SAG–11–2043, 2012 WL 2847592, at \*6 (D. Md. Jul. 10, 2012). "Although a claimant has the ultimate responsibility to prove disability, . . . an ALJ has a concurrent duty to ensure that the record is adequately developed to provide a sound basis for the disability determination and to facilitate judicial review." *Shecona W. v. Kijakazi*, No. SAG-21-0819, 2022 WL 2805632, at \*2 (D. Md. Jul. 18, 2022) (internal citations omitted). For example, "a CE may be used to 'resolve any conflicts or ambiguities within the record' or 'to secure needed medical evidence the file does not contain such as clinical findings, laboratory tests, a diagnosis or prognosis necessary for decision.'" *Laird*, 2012 WL 2847592, at \*6 (*quoting Kersey v. Astrue*, 614 F.Supp.2d 679, 693 (W.D. Va. 2009)); *Warns v. Commissioner*, No. CCB-17-1307, 2018 WL 2717847, at \*2 (D. Md. Jun. 6, 2018) (same); *see also* 20 C.F.R. §§ 404.1519a(b), 416.919a(b) (2012). Likewise, "[w]hen the record reveals evidentiary gaps which result in unfairness or clear prejudice, remand is necessary." *Shecona W.*, 2022 WL 2805632, at \*2 (internal citations omitted).

Plaintiff argues that absent the opinion of Dr. Lee, which the ALJ found only partially persuasive, there was insufficient evidence in the record to support the ALJ's conclusion that Plaintiff could perform light work, which by definition, requires that the Plaintiff be on his feet for prolonged periods of time. *See* ECF No. 14-1, at 10 (citing SSR 83-12 (noting that light work contemplates prolonged standing or walking)); *Id.* (citing 20 C.F.R. §§ 404.1567(b), 416.967(b) ("Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing.")); *Id.* (citing SSR 83-12 ("The major difference between sedentary and light work is that most light jobs – particularly those at the unskilled level of complexity – require a person to be standing or walking most of the workday.")).

Plaintiff's argument is flawed for two reasons. First, although light work generally does require that an individual engage in prolonged standing or walking, the ALJ computed an RFC which explicitly accounted for the limitations on walking and standing for which Plaintiff now argues. The ALJ then asked the VE whether, even with these limitations, whether there were types of "light work" sufficiently available in the national economy. The VE responded that there were, providing specific examples which the ALJ incorporated into his decision. Accordingly, the ALJ

Case 8:21-cv-02609-AAQ   Document 17   Filed 01/12/23   Page 4 of 4

*Rafael T. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-02609
January 11, 2023
Page 4

explicitly incorporated a limitation to account for Dr. Lee's recommendation, which Plaintiff argues the ALJ ignored.  Second, this specific result was supported by "substantial evidence" in the record.  As noted above, the ALJ cited, among other things, the Plaintiff's medical records which noted some ability to walk; Plaintiff's gait, which while slow, was normal and did not require an assistive device; and the testimony of Dr. Lee who noted that Plaintiff could not walk for prolonged periods of time.  Accordingly, the ALJ's decision not to require an additional examination from a CE did not constitute reversible error.

### III.     Conclusion

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 14, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 15, is GRANTED.  Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly.  An implementing order follows.

So ordered.

Sincerely,

/s/
Ajmel A. Qureshi
United States Magistrate Judge